UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

HERBERT STUDSTILL EL

    Plaintiff,                                       Civil Action No. 17-CV-10252

vs.                                              HON. BERNARD A. FRIEDMAN

LEROY D. BURCROFF,

    Defendant.

_____/

**OPINION AND ORDER GRANTING PLAINTIFF'S APPLICATION TO PROCEED IN FORMA PAUPERIS AND DISMISSING THE COMPLAINT**

This matter is presently before the Court on plaintiff's application to proceed in forma pauperis. For the following reasons, the Court shall (1) grant the application and therefore allow the complaint to be filed without prepayment of the filing fee, and (2) dismiss the complaint because it is frivolous and fails to state a claim upon which relief may be granted.

Pursuant to 28 U.S.C. § 1915(a)(1), the Court may permit a person to commence a lawsuit without prepaying the filing fee, provided the person submits an affidavit demonstrating that he/she "is unable to pay such fees or give security therefor." In the present case, plaintiff's application to proceed in forma pauperis makes the required showing of indigence. The Court shall therefore grant the application and permit the complaint to be filed without requiring plaintiff to prepay the filing fee.

Pro se complaints are held to "less stringent standards" than those drafted by lawyers. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). Nonetheless, the Court is required by statute to dismiss an in forma pauperis complaint if it

> (i) is frivolous or malicious;
> (ii) fails to state a claim on which relief may be granted; or
> (iii) seeks monetary relief against a defendant who is immune from such relief.

28 U.S.C. § 1915(e)(2)(B). A complaint is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). In other words, a complaint is frivolous if "based on an indisputably meritless legal theory" or "clearly baseless" facts or "a legal interest which clearly does not exist" or "fantastic or delusional scenarios." *Id.* at 327-28. To avoid dismissal for failure to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Center for Bio-Ethical Reform, Inc. v. Napolitano*, 648 F.3d 365, 369 (6th Cir. 2011) (citations and internal quotations omitted).

In the present case, the complaint fails to state a claim and is frivolous. Plaintiff is suing the mayor of the City of Romulus, Michigan, Leroy Burcroff, on the grounds he "failed to act against the color of law crime that was committed against me by his police officers" and he "is responsible for his officer's actions." This alleged "malfeasance" does not give rise to a cause of action, as there is no respondeat superior liability under 42 U.S.C. § 1983. Moreover, this Court dismissed, for failure to state a claim, plaintiff's earlier action, *Studstill v. City of Romulus*, 15-12545, in which he sued the City of Romulus for the same alleged police misconduct. That dismissal, which was affirmed on appeal, *see Studstill v. City of Romulus*, No. 15-1874 (6th Cir. Dec. 28, 2015), is res judicata as to the instant action. Accordingly,

IT IS ORDERED that plaintiff's application for leave to proceed in forma pauperis is granted. The complaint is filed and the filing fee need not be prepaid.

       IT IS FURTHER ORDERED that the complaint is dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B) because it is frivolous and fails to state a claim.

|  |  |
|---|---|
|  | S/ Bernard A. Friedman_____ |
| Dated: January 27, 2017 | BERNARD A. FRIEDMAN |
|       Detroit, Michigan | SENIOR UNITED STATES DISTRICT JUDGE |